## (May 25, 1978)

■ FRENCH AMERICAN BANKING CORPORATION, Appellant, v DULONG IMPORTERS, INC., et al., Defendants, and JEAN DULONG, Respondent.—Order, Supreme Court, New York County, entered on August 6, 1976, which denied plaintiff's cross motion for summary judgment against defendant Jean Dulong on the third cause of action reversed, on the law, insofar as appealed from, and said motion granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Individual defendant Dulong gave a continuing guarantee to plaintiff of $200,000 to cover the account of Dulong Importers. Plaintiff claims that Importers now owes $250,988.67 under a promissory note and $50,000 for the issuance of a letter of credit. Plaintiff now seeks to collect on Dulong's guarantee, under the third cause of action; Importers having defaulted under the first and second causes of action and judgment having been entered for $301,093.67 against them. In response to a motion by defendants, plaintiff cross-moved for a summary judgment. The affidavit in opposition to the cross motion raises defenses of payment and criminal usury. Issue finding rather than issue determination is the key to the court's function in summary judgment matters. (See *Esteve v Abad,* 271 App Div 725, 727.) Dulong claims, while admitting that he has no documentary evidence, that discovery will reveal other payments made to plaintiff and not credited, and which, together with the interest charged, would constitute a rate of interest in excess of 25%. He specifically claims that plaintiff did not credit him with a $50,000 payment. However, plaintiff is able to document that it was applied to Importers' account. Dulong's opposition is not only conclusory but highly speculative, and in order to

defeat this motion he must "submit evidentiary facts or materials, by affidavit or otherwise, rebutting the prima facie showing * * * and demonstrating the existence of a triable issue of ultimate fact." *(Indig v Finkelstein,* 23 NY2d 728, 729.) He has so far, failed to raise any triable issues and admits to lack of documentation. As to the criminal usury (Penal Law, §§ 190.40, 190.42) raised as a defense, plaintiff would have to knowingly charge, take or receive money or other property as interest on the loan at a rate in excess of 25% per annum. Dulong not only does not show the required element of "knowingly" charging an excessive rate sufficient to bring plaintiff under the criminal usury section of the law, but even if the $50,000 were deducted from the outstanding balance allegedly due to plaintiff by the corporate borrower, the rate of interest would be far below 25% and therefore another essential element of the law would be lacking. Again, defendant Dulong has failed to come forward with sufficient evidence to raise a triable issue. Finally, the corporate borrower being liable to plaintiff for in excess of $200,000, the individual defendant, under the terms of the guarantee, is liable to plaintiff and summary judgment should be granted plaintiff. Concur—Murphy, P. J., Silverman and Evans, JJ.; Birns and Lynch, JJ., dissent in a memorandum by Lynch, J., as follows: We dissent and would affirm. We concede, as Special Term found, that Dulong has raised no issue of fact respecting his claim of usury, but we agree with Special Term that, as to his claim that Dulong Importers, Inc., has paid the plaintiff, determination of the existence of fact issues should await discovery. The majority would summarily defeat Dulong for not having provided "evidentiary facts" of payment even though his assertion is uncontradicted that he "lacks the necessary documentary evidence" because the "books and records of Dulong Importers Inc. have, for the most part, been lost or destroyed following seizure of them by the Sheriff". Given this circumstance Special Term properly denied summary judgment with leave to renew after discovery (CPLR 3212, subd [f]; *Proctor & Gamble Distr. Co. v Lawrence Amer. Field Warehousing Corp.,* 16 NY2d 344, 362). Settle order on notice.