■ BANKERS TRUST COMPANY, Appellant, v LEWIS A. STAHL, Respondent and Third-Party Plaintiff-Respondent. SWIG, WEILER AND ARNOW MGT. CO., INC., et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered April 5, 1988, which denied plaintiff-appellant's motion for summary

judgment in lieu of a complaint and which denied third-party defendants-appellants' motion for summary judgment on the third-party complaint, unanimously reversed, on the law, and the motions granted, the counterclaims and the third-party complaint dismissed, without costs.

Plaintiff-appellant seeks to recover from defendant and third-party plaintiff-respondent, Lewis A. Stahl, the sum of $1,570,473.82 with interest thereon. The action is based on seven promissory notes executed by defendant. In opposition to plaintiff's motion for summary judgment in lieu of a complaint, defendant asserted that in signing the notes he had been acting merely as an agent for his wife's family businesses. The proceeds of the loan were used to purchase property, to which defendant and his wife took title jointly. Defendant maintains that plaintiff bank was induced to make the loan because of its long-standing business relationship with the multi-million-dollar real estate companies controlled by his wife's family.

Following purchase of the property, defendant and his wife separated in July 1987. Two days later, his wife withdrew all of the funds in the joint checking account which the couple had maintained at plaintiff bank. Prior to this withdrawal of the funds, plaintiff had been automatically deducting monthly interest payments from the joint account. Each of the promissory notes signed by the defendant recites that all property held by the bank "as to which the undersigned may have any right or power" shall be "subject to a lien and a security interest in favor of the Bank, as security for any and all Liabilities". Defendant alleged that plaintiff had conspired with Ruth Stahl to convert the moneys in the joint account, in violation of plaintiff's duty to protect and preserve this "collateral".

Based on these allegations, defendant counterclaimed and filed a third-party complaint naming his estranged wife and two of her family's companies which, defendant alleged, were the true debtors even though the companies had received no interest in the property purchased with the loan proceeds. Third-party defendants denied the allegations in Stahl's complaint and moved for summary judgment. In his reply, Stahl raised a new defense to liability on the notes. He claimed that the purchase money for the property was not a loan at all but an advance "against future distributions" from his wife's family partnerships. However, defendant did not identify the partnerships or the nature of his interest in the partnership distributions. The financial vice-president for the family com-

panies denied that defendant was ever a partner "of any Swig-Weiler Partnerships", that he was entitled to any partnership distribution, or that such distributions would have been made through plaintiff bank.

Supreme Court refused to grant summary judgment to either plaintiff or third-party defendants finding that there were substantial questions of fact concerning the capacity in which defendant executed the notes, the relationship between plaintiff bank and the third-party defendants, and the alleged conspiracy to convert funds in the joint account.

We reverse the order of Supreme Court because the allegations set forth in defendant's affidavits and the third-party complaint are unavailing as a defense to his liability on the notes and are legally insufficient to raise triable issues of fact. Defendant offers only his conclusory statements that he signed as an agent or nominee for an undisclosed principal to contradict the evidence of his unconditional, written promise to pay. As there is no indication on the notes that defendant signed his name in a representative capacity, he is personally obligated, and parol evidence to the contrary is not admissible (UCC 3-403 [2] [a], comment 3; *Barden & Robeson Corp. v Ferrusi,* 52 AD2d 1061, 1062 [4th Dept 1976]).

Defendant's claim that the bank relied on the credit standing of the third-party defendants because his assets were inadequate to secure such substantial advances is contradicted by the documentary evidence submitted by plaintiff. Defendant's personal financial statement, submitted as part of the loan approval process, indicates that he received an annual salary of $200,000 as vice-president of Swig, Weiler and Arnow Management Company and that he had paid $387,000 in Federal and local income tax for the preceding year. It also showed that defendant and his wife owned assets approximating $3,850,000 and had $56,000 in cash in banks. It showed further that they had no liabilities of any kind. Defendant's bare allegation that the loan was an advance against future, unspecified partnership interests does not rise to the level of evidentiary fact sufficient to defeat a motion for summary judgment. *(McGahee v Kennedy,* 48 NY2d 832 [1979]; *French Am. Banking Corp. v Dulong Importers,* 63 AD2d 632 [1st Dept 1978].)* Moreover, the promissory notes are integrated writings and defendant's parol evidence regarding an extraneous oral agreement which would contradict the terms of the notes is inadmissible *(Marine Midland Bank—Southern v Thurlow,* 53 NY2d 381, 387 [1981]; *Manufacturers Hanover Trust Co. v Margolis,* 115 AD2d 406, 407 [1st Dept 1985]).

Finally, defendant's allegations of a conspiracy by plaintiff and defendant's estranged wife to convert moneys in the joint account which allegedly secured the loan also fail. The promissory notes, which do not specifically identify the joint account as security for defendant's indebtedness, merely gave plaintiff bank the option of treating the funds in the account as such. Plaintiff chose not to do so, as it did not restrict withdrawals by imposing a freeze on the account. Inasmuch as defendant gave no written notice to plaintiff not to pay or deliver the deposits in the joint account to his wife, the joint tenant, the bank's delivery of the funds in that account was neither illegal nor improper (Banking Law § 675 [a]; *Brown v Bowery Sav. Bank*, 51 NY2d 411 [1980]). Concur—Carro, J. P., Asch, Kassal and Rosenberger, JJ.