Jodie B. LICHTENSTEIN, an individual, Plaintiff,

v.

KIDDER, PEABODY & CO. INCORPORATED, a Delaware corporation, Defendant,

v.

Alan I. LICHTENSTEIN, Third-Party Defendant.

Civ. A. No. 89–1143.

United States District Court, W.D. Pennsylvania.

Nov. 14, 1991.

---

Kenneth A. Eisner, Markel, Schaefer & Means, P.C., Pittsburgh, Pa., for plaintiff.

Richard R. Nelson, II, Alder, Cohen & Grigsby, P.C., Pittsburgh, Pa., for defendant.

Barry J. Palkovitz, Palkovitz Steinberg, McKeesport, Pa., for third-party defendant.

## MEMORANDUM OPINION

COHILL, Chief Judge.

Before us is plaintiff's Motion for Rescission of Order Based Upon Newly Discovered Evidence and plaintiff's Motion For Leave to Amend Complaint and to Name Charles W. Chewing, Jr. as an Additional Defendant. For the following reasons, we will grant plaintiff's motion for rescission and grant plaintiff's motion to amend in part.

## BACKGROUND AND PROCEDURAL HISTORY

On April 8, 1985, the plaintiff opened a "premium account" with defendant Kidder, Peabody & Company. ("Kidder, Peabody"). This account permitted plaintiff to deposit cash and securities with Kidder, Peabody and its affiliates, and to draft checks against her deposits. From 1985 to 1987, the plaintiff's husband, Alan I. Lichtenstein, allegedly forged his wife's signature on various checks and other documents and thereby depleted her account with Kidder, Peabody. The plaintiff divorced her husband in July, 1988.

The plaintiff filed this action against Kidder, Peabody attempting to recover the money that was withdrawn from her account by her former husband. In her complaint, the plaintiff alleged conversion, negligence, breach of fiduciary duty, and breach of express and implied contract.

Subsequently, Kidder, Peabody, filed a third party complaint against the plaintiff's former husband, alleging that Mr. Lichtenstein is liable for any amount due and owing the plaintiff. On May 26, 1991, Kidder, Peabody filed a motion for partial summary judgment arguing that the one year statute of limitations set forth in 13 Pa. Cons.Stat. § 4406 prevents the plaintiff from recovering the majority of her alleged losses.

This motion presented an issue of first impression in Pennsylvania, and, to the best of our knowledge, in other jurisdictions as well; whether a brokerage firm which offers check-writing services to its clients should be considered a "bank" within the meaning of section 4406. We answered this question in the affirmative and granted Kidder, Peabody's motion holding that the plaintiff could not recover against Kidder, Peabody for any forged checks honored more than one year prior to the time the plaintiff notified Kidder, Peabody of the forgeries. *See, Lichtenstein v. Kidder, Peabody & Co., Inc.,* 727 F.Supp. 975 (W.D.Pa.1989). This reduced the amount of the plaintiff's claim against the defendant by more than $200,000.00.

In her motion for rescission, the plaintiff requests that we rescind our prior order granting the defendant partial summary judgment due to newly discovered evidence which the plaintiff asserts shows the defendant had knowledge of the forgeries prior to the time she notified it in writing, and that the defendant's actions constituted constructive fraud. In her motion to amend her complaint, the plaintiff seeks to add a constructive fraud claim and to name Charles W. Chewing, the Kidder, Peabody employee with whom she dealt, as an additional defendant. The plaintiff's motions are based primarily upon the following facts and allegations which the plaintiff asserts are newly discovered.

(1) The plaintiff's former husband, Alan I. Lichtenstein, testified during oral deposition that Charles W. Chewing, Kidder Peabody's employee in charge of the plaintiff's account, told him that no one would notice if he signed his wife's name

on checks drawn on her account, if she were unavailable to sign

(2) Mr. Lichtenstein deposited money into the plaintiff's account

(3) Kidder, Peabody was aware that many transactions took place in the plaintiff's account over a short period of time, despite the plaintiff's statements to Mr. Chewing that she wanted to preserve the principal of the account

(4) Checks were returned due to insufficient funds.

*Motion to Rescind*

■ Mrs. Lichtenstein asserts two bases for her motion to rescind. The first is that, taken as a whole, the facts listed above put Kidder, Peabody on notice of the forgeries within the one year limitations period imposed by 13 Pa.Cons.Stat. § 4406(d). Section 4406 states in relevant part:

(a) General rule.—When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant to a request or instructions of its customer or otherwise in a reasonable manner makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof.

.     .     .     .     .

(d) Statute of limitations applicable to consumer.—Without regard to care or lack of care of either the customer or the bank, a customer who does not within one year from the time the statement and items are made available to the customer (subsection (1)) discover and report his unauthorized signature or any alteration on the face or back of the item or does not within three years from that time discover and report any unauthorized indorsement is precluded from asserting against the bank such unautho-

rized signature or indorsement or such alteration.

13 Pa.Cons.Stat. § 4406.

The plaintiff's first argument is unpersuasive. Section 4–406(4) states that regardless of a bank's standard of care, the customer bears the burden of notifying the bank of the unauthorized use of his signature. Therefore, the plaintiff's arguments that in this case Kidder, Peabody was put on notice of the forgeries "with a duty of inquiry" is not relevant to the applicability of section 4406(d).

■ The plaintiff's second argument, that section 4406(d) does not bar actions based upon constructive fraud, is more compelling. It raises another issue of first impression under Pennsylvania law: when, if ever, will a bank lose the protection afforded by section 4406.

■ When faced with a novel issue of state law, it is a federal court's duty to predict how the state's highest court would rule. *Erie Castings Co. v. Grinding Supply, Inc.*, 736 F.2d 99, 100 (3d Cir.1984), *citing, Keystone Aeronautics Corp. v. R.J. Enstrom Corp.*, 499 F.2d 146 (3d Cir.1974). The decisions of the state's intermediate appellate courts, as well as the decisions of other courts and the policies underlying the applicable legal doctrines should all be given due regard. *Connecticut Mutual Life Insurance Co. v. Wyman*, 718 F.2d 63, 65 (3d Cir.1983); *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.*, 652 F.2d 1165, 1167 (3d Cir.1981).

■ Section 4406(d) specifically states that it applies *regardless of the standard of care* of either the bank or the customer. Justice and common sense suggest, however, that a bank which has engaged in fraudulent conduct should not be afforded the protection of section 4406. In fact, under New Jersey law, conspiracy and fraud claims are outside the protection of UCC section 4–406(4) (Pa.Cons.Stat. § 4406(d)). *Brighton, Inc. v. Colonial First National Bank*, 176 N.J.Super. 101, 422 A.2d 433, (1980), *aff'd* 86 N.J. 259, 430 A.2d 902 (1981). Although the *Brighton* court failed to explain the basis for its

conclusion that section 4–406(4) does not bar fraud and conspiracy claims, in our opinion, such a conclusion is supported by UCC section 1–203 (13 Pa.Cons.Stat. § 1203) which states: "[e]very contract or duty within this title imposes an obligation of good faith in its performance or enforcement." *See also, Creeger Brick & Bldg. Supply, Inc. v. Mid–State Bank & Trust Co.*, 385 Pa.Super. 30, 560 A.2d 151 (1989) (duty of good faith applies to all UCC sections); *Brighton, Inc. v. Colonial First National Bank*, 176 N.J.Super. 101, 422 A.2d 433 (1980) (party who acts in bad faith is not entitled to the protection of UCC). It is our opinion, therefore, that a bank which has engaged in fraudulent conduct has, as a matter of law, acted in bad faith and is not entitled to the protection of section 4406(d). In this case, however, the plaintiff is alleging *constructive* fraud.

■ Constructive fraud "has been used to designate a breach of duty which has a tendency to deceive others and operate to their injury, even though there is no vicious intent." *Charleroi Lumber v. School District*, 334 Pa. 424, 6 A.2d 88 (1939). Because intent is not an element of constructive fraud, a party whose actions constitute constructive fraud might still have acted in good faith. Good faith is defined by the Uniform Commercial Code as honesty in fact in the conduct or transaction concerned. 13 Pa.Cons.Stat. § 1201; *Davis v. Pennsylvania Co. for Ins. etc.*, 337 Pa. 456, 12 A.2d 66 (1940); *contra, Potoczny v. Dydek*, 192 Pa.Super 550, 162 A.2d 70 (1960) (bad faith is dishonesty). Whether a party's conduct constitutes bad faith is normally a question for the jury. *Grimes v. Prudential Ins. Co.*, 401 Pa.Super 245, 585 A.2d 29 (1991). Because of the plaintiff's allegations in this case, we cannot say as a matter of law whether or not the defendant acted in good faith. We will therefore permit the jury to make this determination. Unless the plaintiff proves that the defendant Kidder, Peabody's actions constituted bad faith, however, the protection afforded the defendant by section 4406(d) still applies.

## *Motion for Leave to Amend Complaint*

■ The plaintiff also seeks to amend her complaint to add a claim of constructive fraud and to name Charles W. Chewing as an additional defendant. Under Federal Rule of Civil Procedure 15(a), plaintiffs may amend their complaint once as a matter of course before a responsive pleading is served. Otherwise, they may do so only by leave of court or by written consent of the adverse party. Rule 15(a) also states that leave of court shall be freely given when justice so requires.

■ We will permit the plaintiff to amend her complaint to add her constructive fraud claim. We will not, however, permit the plaintiff to join Charles W. Chewing as an additional defendant at this late date. It would be unduly prejudicial to require Mr. Chewing, who has not participated in discovery, to attempt now to formulate a defense to the plaintiff's allegations, particularly when discovery is already closed.

## ORDER

AND NOW, to-wit, this 14th day of November, 1991 it is ORDERED, ADJUDGED and DECREED that plaintiff's Motion for Rescission of Order Based Upon Newly Discovered Evidence be and hereby is GRANTED and this Court's December 28, 1989 ORDER is hereby VACATED. The plaintiff's Motion for Leave to Amend Complaint and to Name Charles W. Chewning, Jr. as an Additional Defendant be and hereby is DENIED in part and GRANTED in part. The plaintiff may amend her complaint to allege constructive fraud but may not name Charles W. Chewning as an additional defendant.