■ In the Matter of the Estate of WILLIAM BOYD, Deceased. PAUL BOYD, as Executor, Respondent; ARDIS BOYD, Appellant. —Order, Surrogate's Court, New York County (Renee Roth, S.), entered May 14, 1992, which granted petitioner executor's application for an order directing respondent to turn over the proceeds of a joint checking account held by respondent and the decedent, unanimously affirmed, with costs.

We agree with the Surrogate that the checking account jointly held by the decedent and respondent was a "convenience account", set up in the event of illness or death, that passed to the decedent's estate *(see, Matter of Kleinberg v Heller,* 38 NY2d 836, 840; *Brezinski v Brezinski,* 94 AD2d 969). Petitioner overcame the statutory presumption of a joint tenancy with a sole right of ownership in the surviving cotenant (Banking Law § 675) with proof that the decedent and respondent, father and daughter, opened the account on March 8, 1989 with funds in the amount of $18,728.76 belonging entirely to the decedent; that on May 4, 1989, after the decedent had suffered severe chest pains and was hospitalized, the account was substantially augmented by the deposit of a $203,000 check representing the proceeds of the sale of the decedent's securities made by the decedent's brother at respondent's behest pursuant to a power of attorney the decedent gave to respondent on April 26, 1989 while he was hospitalized; that on May 9, 1989, approximately 48 hours

after her father's death, respondent transferred $208,000 from the joint checking account into her own personal account; that when petitioner, respondent's brother, arrived in New York on May 7, 1989, the date of the decedent's death, respondent gave him a $50,000 check issued from the account in question, on which payment was stopped on May 9, 1989 when respondent was advised that petitioner was attempting to deny her access to the decedent's safe deposit box; and that respondent was given only a small bequest under the last of decedent's six wills, dated November 4, 1988.

Given this showing, the burden clearly shifted to respondent to show that her father understood the implications of setting up a joint account and intended thereby to make a gift to her of the funds therein constituting the bulk of his estate *(Matter of Camarda,* 63 AD2d 837, 838-839).

We have reviewed respondent's remaining claims and find them to be without merit. Concur—Carro, J. P., Wallach, Ross and Asch, JJ.