■ DELFO A. PINASCO, Respondent-Appellant, v MARIA DEL PILAR ARA, Appellant-Respondent, and MERRILL LYNCH PIERCE FENNER & SMITH, INC., Respondent-Appellant. [631 NYS2d 346] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered April 11, 1995, which, after a non-jury trial, inter alia, adjudged the plaintiff to be the owner of, with sole and exclusive right and title to, the stock brokerage account and/or accounts ("the Joint Account") held by defendant Merrill Lynch in his name together with defendant Maria Del Pilar Ara ("Ara") as joint tenants with the right of survivorship; permanently enjoined and restrained defendant Ara from interfering in or asserting any right, title, interest or control of the Joint Account or the funds or property therein; dismissed all claims asserted by plaintiff against defendant Merrill Lynch; awarded plaintiff $40,000 against defendant Ara with interest thereon; and declined to award defendant Merrill Lynch its interpleader costs pursuant to CPLR 1006 (f), unanimously affirmed, without costs.

The trial court properly determined that the plaintiff is entitled to judgment against defendant Ara for her $40,000 withdrawal, without plaintiff's consent, from the Joint Account which was, when opened, denominated in the name of the plaintiff and defendant Ara, as joint tenants with the right of survivorship. Here, the record reveals that the plaintiff successfully rebutted the presumption of a true joint tenancy in the account established by Banking Law § 675. Although a joint bank account vests in each named tenant a present unconditional property interest in an undivided one-half of the monies deposited, regardless of the source of the funds, and although Banking Law § 675 establishes a presumption that the funds are held in joint tenancy as joint property of the account owners, the presumption of a joint tenancy may nevertheless be rebutted by clear and convincing evidence that the account was opened only as a matter of convenience (Brezinski v Brezinski, 94 AD2d 969; see also, Matter of Boyd, 186 AD2d 394; Matter of Friedman, 104 AD2d 366, affd 64 NY2d 743).

Plaintiff presented sufficient facts to establish that the joint

account was opened purely as a convenience to him, to rebut the presumption of joint tenancy, by establishing that all the monies in the account belonged to him when the account was opened, that he made all management and investment decisions relating to the account, that he exclusively possessed the check book and Visa card issued in connection with the joint account, and that the plaintiff made all withdrawals from the account, with the exception of the disputed $40,000 withdrawal by defendant Ara after the account was blocked, for his benefit or on his own behalf (see, *Plotnikoff v Finkelstein*, 105 AD2d 10).

Plaintiff's claim for recovery against defendant Merrill Lynch, for improperly and wrongfully disbursing the sum of $40,000 from the Joint Account to defendant Ara, was also properly dismissed as time-barred pursuant to UCC 4-406, which provides that a bank customer must bring any claims within one year of receiving a statement. Here, the record reveals that the plaintiff timely received his monthly statement in October of 1992, but did not protest or object to the unauthorized withdrawal by defendant Ara for more than eighteen months.

Defendant Merrill Lynch, a financial services corporation, was entitled to the benefit of the one-year Statute of Limitations set forth to bar untimely claims by customers against banks in UCC 4-406, since, for the purposes of the UCC, Merrill Lynch acted as an entity engaged in the business of banking by providing plaintiff with a checking account, honoring drafts, accepting deposits and forwarding monthly customer statements (*Woods v MONY Legacy Life Ins. Co.*, 84 NY2d 280, 284-285; *Lichtenstein v Kidder, Peabody & Co.*, 727 F Supp 975, 979, *vacated on other grounds* 777 F Supp 423).

The trial court also properly determined that Banking Law § 675 (a) conferred complete immunity upon Merrill Lynch for transferring funds to any individual listed as a joint tenant on the account (*Bankers Trust Co. v Stahl*, 145 AD2d 311, 314, *appeal dismissed* 73 NY2d 872).

In the present circumstances, the trial court did not err in declining to award defendant Merrill Lynch its interpleader defense costs.

We have reviewed the parties' remaining claims for affirmative relief and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Tom, JJ.