■ MOISE MARCEL SAPRIEL, Appellant, v MAURICE MOISE CHARBIT, Defendant, and SAFRA NATIONAL BANK OF NEW YORK, Respondent. [765 NYS2d 369] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered on or about July 10, 2002, which, in an action against defendant-respondent bank to recover money withdrawn by the codefendant from a joint

account listing plaintiff and the codefendant as the joint tenants, granted the bank's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

The complaint alleges that the codefendant, taking advantage of plaintiff's charitable inclinations, induced plaintiff to sign documents listing plaintiff as a joint tenant with right of survivorship in a checking account that the codefendant had previously opened with defendant bank, and further induced plaintiff to deposit sizeable amounts into that account which the codefendant did not use for plaintiff's charitable purposes but misappropriated for his own purposes. Plaintiff's cause of action alleging that the bank was negligent in disbursing the money in the account to the codefendant was properly dismissed on the ground that Banking Law § 675 (a) immunizes banks from liability for withdrawals made by joint tenants from a joint account (*see Brown v Bowery Sav. Bank*, 51 NY2d 411, 415-416 [1980]). Such immunity would apply even if plaintiff's evidence of undue influence by the codefendant were sufficient to rebut the Banking Law § 675 (b) presumption of joint tenancy raised by the papers plaintiff signed (*see Pinasco v Ara*, 219 AD2d 540, 541 [1995]; *cf.* Banking Law § 678 [1]). The immunity would also apply even if the bank failed to comply with the disclosure requirements for joint accounts mandated by Banking Law § 675 (c). By that statute's express terms, any rule or regulation promulgated thereunder "shall not be deemed or construed as increasing or diminishing the rights or liability of any person, or other entity." (§ 675 [c] [2].) Nor does the complaint state a cause of action for commercial bad faith absent allegations showing that the bank knowingly participated in the codefendant's alleged fraudulent scheme to obtain plaintiff's money (*see Prudential-Bache Sec. v Citibank*, 73 NY2d 263, 277 [1989]). We have considered and rejected plaintiff's other claims. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Rosenberger, JJ.