■ JOHN E. STEFFAN, as Executor of ANNE MCLAUGHLIN DORIS, Deceased, Appellant, v MITCHELL E. WILENSKY, Respondent. [51 NYS3d 402]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered July 13, 2015, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment, unanimously modified, on the law, to dismiss the second, third, and sixth affirmative defenses, and otherwise affirmed, without costs.

In support of his legal malpractice claim, plaintiff failed to establish prima facie that his predecessor executor would have prevailed in a Surrogate's Court proceeding against a bank but for defendant's negligence in not bringing such a proceeding sooner (*see LaRusso v Katz*, 30 AD3d 240, 243 [1st Dept 2006]).

Banking Law § 675 (b) states that the making of a deposit in the name of a depositor (in the instant action, the decedent, Anne McLaughlin Doris) and another person (Bridie McKiernan) "shall . . . be prima facie evidence . . . of the intention of both depositors . . . to create a joint tenancy and to vest title to such deposit . . . in such survivor." As the evidence submitted with plaintiff's opening motion papers (e.g., the transcript of defendant's deposition) shows, the predecessor executor would have had difficulty adducing "clear and convincing evidence that the account was opened only as a matter of convenience" (*Pinasco v Del Pilar Ara*, 219 AD2d 540, 540 [1st Dept 1995]). His conversations with Doris, which tended to show that the account was a convenience account, could have been excluded pursuant to the Dead Man's Statute (CPLR 4519), and he would have had to rely on defendant's testimony

about his telephone conversation with McKiernan, because McKiernan could not be located.

Because plaintiff failed to make a prima facie case, it is unnecessary to decide if defendant raised a triable issue of fact in opposition to plaintiff's motion.

By his silence in his opposition brief, defendant concedes, as plaintiff argues, that the second, third, and sixth affirmative defenses should be dismissed. Concur—Sweeny, J.P., Gische, Kahn and Gesmer, JJ.