**Condominium Bd. of the 10 Nevins St. Condominium v Qeliqi**

2024 NY Slip Op 32189(U)

June 28, 2024

Supreme Court, New York County

Docket Number: Index No. 160652/2022

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LOUIS L. NOCK**

*Justice*

-------------------------------------------------------------------------X

THE CONDOMINIUM BOARD OF THE 10 NEVINS ST. CONDOMINIUM,

Plaintiff,

- v -

ISUF QELIQI,

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| PART | 38M |
| INDEX NO. | 160652/2022 |
| MOTION DATE | 02/23/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

LOUIS L. NOCK, J.S.C.

In this action to recover use and occupancy, defendant's resident manager held over in his subsidized unit within the building located at 10 Nevins Street, Brooklyn, New York (the "building") following his termination as resident manager by plaintiff. Plaintiff now moves for summary judgment on its claim for use and occupancy for the time between defendant's termination and when he vacated the apartment. There is no opposition to the motion. Upon the foregoing documents, the motion is granted for the reasons set forth in the moving papers (NYSCEF Doc. Nos. 9-10), and the exhibits attached thereto, in which the court concurs, as summarized herein.

Defendant was able to reside in the resident manager's apartment rent free during his employment (Donovan aff., NYSCEF Doc. No. 10, ¶ 5). Plaintiff alleges a single cause of action for unjust enrichment, in that it paid the condominium sponsor $85,042.27 in monthly rent, common charges, and real estate taxes for the resident manager's apartment between defendant's

160652/2022   THE CONDOMINIUM BOARD OF THE 10 NEVINS ST. CONDOMINIUM vs. QELIQI, ISUF
Motion No.  001

Page 1 of 4

September 2, 2021 termination as resident manager, and the date he vacated the apartment pursuant to a stipulation entered in a holdover proceeding in Housing Court, December 16, 2022 (invoices, NYSCEF Doc. No. 11; Housing Court stipulation, NYSCEF Doc. No. 13). A claim for unjust enrichment requires proof that "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011] [internal quotation marks and citations omitted]). Plaintiff has done so, based on the foregoing documents.

Contrary to the "Objections in Point of Law" raised in defendant's answer, a claim for unjust enrichment does not require proof of a relationship of trust and confidence (answer, NYSCEF Doc. No. 5 at 3). The benefit retained by defendant was the use of the apartment after he was no longer entitled to use it, and plaintiff is entitled to recover the value thereof. Indeed, the core principal of use and occupancy as a concept is that "[i]t is manifestly unfair that defendant herein should be permitted to remain in possession of the subject premises without paying for their use" (*MMB Assoc. v Dayan*, 169 AD2d 422 [1st Dept 1991]). Defendant, by failing to oppose the motion, fails to satisfy its burden to raise a triable issue of fact (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]).

So much of plaintiff's motion to dismiss defendant's affirmative defenses and counterclaim for unpaid overtime is also granted. As to the affirmative defenses, by failing to raise any of them in opposition to the motion, defendant has waived them (*Steffan v Wilensky*, 150 AD3d 419, 420 [1st Dept 2017]). To the extent defendant argues that the court lacks personal jurisdiction over him due to defective service of process, he failed to make a motion on such ground within the 60 days following his answer as required by statute (CPLR 3211 [e]).

**160652/2022   THE CONDOMINIUM BOARD OF THE 10 NEVINS ST. CONDOMINIUM vs. QELIQI,      Page 2 of 4
ISUF
Motion No.  001**

2 of 4

[* 2]

As to the counterclaim, it is unclear whether plaintiff seeks to invoke the New York Labor Law provisions governing overtime, or the Fair Labor Standards Act's similar provisions. In either case, the uncontroverted record indicates that defendant was salaried and performed administrative and nonmanual work for plaintiff (Donovan aff., NYSCEF Doc. No. 10, ¶¶ 18-21). Thus, under either federal or state overtime law, defendant was not an overtime eligible employee (29 USC § 213 [a] [1]; Labor Law §§ 651 [5] [b]; *Suarez v Big Apple Car, Inc.*, 806 Fed Appx 19, 21 [2d Cir 2020]).

Accordingly, it is hereby

ORDERED that plaintiff's motion is granted; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant in the amount of $85,042.27, with interest thereon at the statutory rate from April 25, 2022[1] through entry of judgment, as calculated by the Clerk, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that defendant's affirmative defenses and counterclaim are severed and dismissed.

---

[1] "Where [a party's] damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date" (CPLR 5001[b]; *Kachkovskiy v Khlebopros*, 164 AD3d 568, 572 [2d Dept 2018]).

**160652/2022   THE CONDOMINIUM BOARD OF THE 10 NEVINS ST. CONDOMINIUM vs. QELIQI, ISUF**
**Motion No.  001**

**Page 3 of 4**

3 of 4

This constitutes the decision and order of the court.

_Louis L. Nock_

| 6/28/2024 | | | | LOUIS L. NOCK, J.S.C. | |
|-----------|---|---|---|-----------------------|---|
| **DATE** | | | | | |

**CHECK ONE:**    [X] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

     [X] GRANTED    [ ] DENIED    [ ] GRANTED IN PART    [ ] OTHER

**APPLICATION:**    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

**CHECK IF APPROPRIATE:**    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

**160652/2022   THE CONDOMINIUM BOARD OF THE 10 NEVINS ST. CONDOMINIUM vs. QELIQI, ISUF**
**Motion No.  001**

Page 4 of 4

4 of 4

[* 4]