## DMF NYC LLC v Tonti's Pizza LLC

2024 NY Slip Op 34307(U)

November 27, 2024

Supreme Court, New York County

Docket Number: Index No. 656602/2019

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    __HON. LOUIS L. NOCK__    PART      38M

*Justice*

-----------------------------------------------------------------------------X

DMF NYC LLC,

                         Plaintiff,

               - v -

TONTI'S PIZZA LLC and CHRISTOPHER R. WEDEMEYER,

                         Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656602/2019 |
| MOTION DATE | 11/04/2020 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, and 20

were read on this motion for          SUMMARY JUDGMENT          .

LOUIS L. NOCK, J.

Plaintiff commenced this action by summons and complaint, alleging breach by the LLC defendant of an "Agreement for the Purchase and Sale of Future Receivables" (NYSCEF Doc. No. 8) (the "Merchant Agreement") and breach by the individual defendant of his guaranty of the LLC defendant's obligations under the Merchant Agreement (contained in NYSCEF Doc. No. 8). In addition to the first and second causes of action for breach of contract, the complaint asserts a third cause under the theory of unjust enrichment and a fourth for attorneys' fees.

The Merchant Agreement recites a purchase price of $30,000 and a Receipts Purchased amount of $43,200. The complaint alleges that partial payments have been, leaving a balance of $28,657.90 for which this action was commenced. Plaintiff now seeks summary judgment on its aforesaid first three causes of action. The motion is opposed.

Firstly, although the answer asserts 12 affirmative defenses, including one for criminal usury and two for "Accord and satisfaction" and "Release," defendants' opposition (NYSCEF Doc. No. 16) makes no mention of any of them except for the fourth, "disput[ing] the amount

**656602/2019   DMF NYC LLC, vs. TONTI'S PIZZA LLC**
**Motion No. 001**

Page 1 of 4

[* 1]

and validity of the claimed amount(s) owed" (NYSCEF Doc. No. 5 at 4).  In said regard, defendants submit their attorney's affirmation asserting that "[p]laintiff never documented the alleged default by tendering evidentiary proof in admissible form" (NYSCEF Doc. No. 16 ¶ 19). However, that is not true.  Plaintiff has submitted the affidavit of its Chief Financial Officer, Scott Kaplan (NYSCEF Doc. No. 7) which attests, from personal knowledge, as to "the amounts due and owing to [plaintiff]" and explains those amounts through exhibiting plaintiff's detailed payment and balance statement (*id.*, Exh. "B").  Defendants submit no refutation of that statement in opposition.  To successfully oppose plaintiff's motion for summary judgment, supported by the aforesaid showing, defendants must have "produce[d] evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim . . . ; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v City of N.Y., 49 NY2d 557, 562 [1980]).  Accordingly, insufficient opposition has been submitted to withstand the first and second causes of action for breach of contract, based on disputed amount (the fourth affirmative defense).

As for the remaining 11 affirmative defenses, defendants' failure to address them, at all, constitutes an abandonment of those defenses (*see, Steffan v Wilensky*, 150 AD3d 419 [1st Dept 2017]).

Plaintiff's third cause of action for unjust enrichment cannot coexist with its two causes of action for breach of contract (*see, e.g., Shear Enterprises, LLC v Cohen*, 189 AD3d 423 [1st Dept 2020]).  Moreover, it is rendered moot by virtue of the foregoing disposition.  Accordingly, said cause of action is dismissed.

Although the complaint contains a fourth cause of action for attorneys' fees, no provision of the Merchant Agreement or the guaranty, as provided to the court (NYSCEF Doc. No. 8),

**656602/2019   DMF NYC LLC, vs. TONTI'S PIZZA LLC**
**Motion No.  001**

**Page 2 of 4**

2 of 4

[* 2]

contains a clause entitling plaintiff to attorneys' fees. The Merchant Agreement only goes as far as stating, in its "Remedies" provision (§ 13.1), that: "The full uncollected Purchased Amount plus all fees and charges (including legal, and collection fees) *due under this Agreement* will become immediately due and payable by Merchant to Funder in full" (emphasis added). A canvassing of the Merchant Agreement, in its entirety, uncovers no independent attorneys' fees provision that could possibly be referenced in the aforesaid "Remedies" provision. Accordingly, the fourth cause of action for fees herein is dismissed (*see, Hooper Assocs., Ltd. v AGS Computers, Inc.*, 74 NY2d 487, 491 [1989] ["Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule"]).

Accordingly, it is

ORDERED that plaintiff's motion for summary judgment on its first and second causes of action for breach of contract is granted and, therefore, it is

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the principal sum of $28,657.90, together with interest accrued thereon from the date of default – October 28, 2019 (NYSCEF Doc. No. 9) – and continuing to so accrue until the date of satisfaction of judgment, with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that plaintiff's motion, to the extent it was intended to extend to the third and fourth causes of action, is denied.

**656602/2019   DMF NYC LLC, vs. TONTI'S PIZZA LLC**
**Motion No.  001**

**Page 3 of 4**

This will constitute the decision and order of the court.

ENTER:

**11/27/2024**
_____
**DATE**

**LOUIS L. NOCK, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**656602/2019   DMF NYC LLC, vs. TONTI'S PIZZA LLC**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]