■ FRANK COMMRADE, JR., as Administrator of the Estate of FRANK COMMRADE, Deceased, et al., Respondents, v. TERESA COMMRADE, Appellant, et al., Defendant.— In an action by the husband of defendant Commrade against the latter and Astoria Federal Savings & Loan Association, said defendant Commrade appeals from (1) a judgment of the Supreme Court, Queens County, dated February 25, 1966, which, *inter alia,* directed defendant Astoria to pay $5,600 to plaintiff from a bank account or accounts in the name of the defendant wife alone or in trust for others, (2) an order of said court dated May 2, 1966, which denied her motion to vacate said judgment and (3) so much of an order of said court dated December 8, 1966, as directed that the husband's attorney and two children of plaintiff be joined in the action as plaintiffs and that the title of the action be amended accordingly. The plaintiff husband having died, his son, Frank Commrade, Jr. (administrator of his estate), his attorney and his daughter (assignees of his interest) were substituted as plaintiffs respondents in his place and the title of the appeal was amended accordingly. Judgment dated February 25, 1966 and order dated May 2, 1966 affirmed and order dated December 8, 1966 affirmed insofar as appealed from, without costs. The trial of the instant action was concluded on October 18, 1965. The parties stipulated to extend the Trial Judge's time to render a decision. On February 1, 1966 the Trial Judge rendered his opinion, in which he summarized the pertinent proof and concluded with the following statement: "In the opinion of this court the evidence presented during the trial makes it clear that the money converted to the use of the defendant Teresa Commrade had been accumulated by both parties and is, in fact, money in which both parties have an equal interest, both having participated in the accumulation thereof. It follows that the origin of the two newly opened accounts being that account held jointly by both the parties, the defendant Teresa Commrade is liable to the plaintiff for one-half the amount converted by her to her own use previously on deposit in account number 37272 at the Astoria Federal Savings & Loan Association. The cross-claim of the defendant Teresa Commrade against Astoria Federal Savings & Loan Association is dismissed. Judgment is to be entered in favor of

the plaintiff, Frank Commrade, in the amount of $5,600 against defendant Teresa Commrade. This constitutes the decision of the court pursuant to section 4213 CPLR. Submit judgment." On February 10, 1966 the plaintiff husband's attorney served and filed a proposed judgment, noticed for settlement on February 14, 1966. The plaintiff husband died on February 13, 1966 and, over the objections of the wife's attorney, the judgment was signed on February 25, 1966 and entered thereafter. The defendant wife contends that the death of her husband extinguished his claim and abated the action and that, on his death, she, as surviving joint tenant, became entitled to the entire account and that the signature and entry of the judgment pursuant to CPLR 5016 (subd. [d]) after his death was unauthorized, null and void. In our opinion, when a joint depositor wrongfully withdraws the entire amount in the bank account and thus frustrates the other joint depositor's use and enjoyment during his lifetime, the former cannot, upon the latter's death after rendition of a decision in his favor, successfully claim a right of survivorship. Equity does not require a declaration that the right of survivorship applies in favor of the wrongdoer who withdrew all the funds in the joint account (see, e.g., *Matter of McKelway,* 221 N. Y. 15, 18–19). The situation is distinguishable from one where such fund-withdrawing wrongdoer was the one who died (cf. *O'Connor* v. *Dunnigan,* 158 App. Div. 334, affd. 213 N. Y. 676), for it has been held that one joint tenant cannot be "ousted from such tenancy" by the act of the other in drawing out the moneys (*Matter of Klenk,* 165 App. Div. 917, affd. 214 N. Y. 715). Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.