■ JOHN LO GERFO et al., Appellants, v. ANGELA LO GERFO, Respondent.— In an action for a declaratory judgment and an accounting, plaintiffs (brothers and sisters of defendant) appeal from a judgment of the Supreme Court, Queens County, dated February 28, 1968, which, after a nonjury trial, declared that plaintiffs were not entitled to an accounting or to a distributive share of certain assets of the parties' deceased parents and that certain transfers by their mother of real property, bank accounts, shares of stock, and other property were valid. (Plaintiffs' proposed findings of fact and conclusions of law, as partly

approved and partly refused by the trial court, were incorporated into the trial court's decision and the judgment.) Judgment modified, on the law and the facts, so as to add a provision to the first decretal paragraph thereof to the effect that (1) the property listed in plaintiffs' proposed finding of fact number 72 (the trial court approved said finding 72, which is that the listed property was owned by the mother and is in defendant's possession) is excepted from the adjudication in favor of defendant and (2) the parties' mother owned that property at the time of her death and defendant is obliged to account to the mother's estate for said property or its value. As so modified, judgment affirmed, without costs. The property listed in plaintiffs' proposed finding of fact number 72 was found by the trial court to be in defendant's possession although all of the items were owned by the parties' mother at the time of her death. As to the savings account in the names of defendant and the mother in the First National City Bank, the terms of the account reveal that "upon the death of either of us" the balance in the account was to be disposed of "as the property of the survivor." Hence, the presumption of a joint tenancy is operative (cf. Banking Law, § 675, subd. [a]; *Matter of Fenelon*, 262 N. Y. 57). We have considered the other contentions urged by appellants and find them without merit. Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.