■ In the Matter of the Estate of EVA FILFILEY, Deceased. JEROME A. WEISS, as Administrator of the Estate of JOE FILFILEY, Deceased, Appellant; ALICE WILLETTE, Individually and as· Executrix of EVA FILFILEY, Deceased, Respondent.— Two decrees of the Surrogate's Court, Kings County, both entered September 25, 1972, affirmed insofar as appealed from, without costs, upon the two opinions of Surrogate Sobel, dated March 30, 1970 and March 8, 1972, respectively. Hopkins, Acting P. J., Martuscello, Latham, Christ and Brennan, JJ., concur. [63 Misc 2d 824; 69 Misc 2d 372.]

■ In the Matter of KEVIN H. (ANONYMOUS), Appellant.— Appeal from an order of the Family Court, Kings County, entered June 20, 1973, which, upon an adjudication that appellant is a juvenile delinquent, ordered him placed in the State Training School for a period of not more than 18 months. Order reversed, on the law and in the interests of justice, without costs, and proceeding remanded to the Family Court for further proceedings not inconsistent with the views herein set forth. Since the probation officer told the Family Court that his investigation report had been completed but was untyped, and orally reported to the court that appellant should be seen for a full psychiatric study to determine the most appropriate placement for him, the court should not have summarily committed appellant to the Warwick Training School. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of CHARLES T. McDOWELL, Petitioner, v. LOUIS J. FRANK, as Commissioner of Police of the County of Nassau, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated July 5, 1973, which, after a hearing, found petitioner, a patrolman in the Nassau County Police Department, guilty of failing to obey a superior officer's order and fined him five days' pay. Petition granted to the extent that the determination is modified, on the law, by reducing the fine to one day's pay; as so modified, determination confirmed; and petition otherwise dismissed on the merits, all without costs. In our opinion, the penalty was excessive and an abuse of discretion to the extent indicated herein. Shapiro, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.