◼ In the Matter of ALEXANDRIA STRZELECKI, Respondent, v. ALMOR CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed August 8, 1973, which reversed a referee's decision and awarded death benefits to the widow of a 58-year-old deceased employee whose death it found to be the result of an industrial accident consisting of a myocardial infarction precipitated by the deceased's strenuous work activities. From 1967 until the morning of May 25, 1971 when he suffered an acute myocardial infarction, the deceased had worked in the employer's shipping and receiving department where his primary duties involved the loading and unloading of trucks. Thereafter, he was unable to return to work and ultimately

died on September 12, 1971 from a recurrent myocardial infarction directly resulting from the initial attack. His widow then instituted this claim and the board found her entitled to death benefits as noted above. The sole question presented on this appeal is whether there is substanital evidence to support the board's finding that the deceased's death resulted from an accidental injury arising out of and in the course of his employment. We find that there is. Although a rule to fit all men and all situations is not readily generalized, where a sufficient factual relationship can be found between the strain of the work done and·the employee's death and such a conclusion is supported by medical proof, the resultant death may be deemed an accident within the scope of the Workmen's Compensation Law (*Matter of McCormick* v. *Green Bus Lines*, 29 N Y 2d 246). Here, there is ample evidence that the deceased was required to do repeated heavy lifting at work, often under stiflingly hot conditions, that he had worked overtime during the week immediately preceding his first coronary attack, and that he had not felt well and was in pain upon his return home from work on the night before that attack. Furthermore, Dr. Wagenhals, his attending physician, testified that it was his opinion based on reasonable medical certainty that the deceased's death was causally related to his work activities. Decision affirmed, with costs to respondents filing briefs. Herlihy, P. J., Staley, Jr., Greenblott, Main and Reynolds, JJ., concur.