■ In the Matter of the Claim of AVIS PARKER, Appellant, v TOWN OF LONG LAKE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 31, 1974. The decedent, while sitting on a bench a few minutes before the start of the day's work, collapsed and died. The causes of death listed on the death certificate were myocardial infarction, coronary artery stenosis and hypertensive arteriosclerotic heart disease. The widow testified as to decedent's complaints of chest pain on the day prior to his death. His foreman testified as to the work done by decedent on the several days prior to death. One medical opinion connected the decedent's work and his death and another medical opinion stated that decedent was not engaged in sufficient physical work to precipitate the heart attack. If there is sufficient factual relationship between the strain of the work done and the employee's death, and such a conclusion is supported by medical proof, the resultant death may be deemed an accident within the meaning of the Workmen's Compensation Law *(Matter of McCormick v Green Bus Lines,* 29 NY2d 246; *Matter of Strzelecki v Almor Corp.,* 46 AD2d 704). In the instant case, the board found insufficient evidence that the decedent had engaged in strenuous work activities at or about the day of death and thus found that the decedent did not sustain an accidental injury within the meaning of the Workmen's Compensation Law. This was a factual determination by the board based upon substantial evidence in the record and thus must be sustained *(Matter of Crowley v Arco Plating Co.,* 43 AD2d 981; *Matter of*

*Palermo v Gallucci & Sons,* 5 NY2d 529). Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.