OPINION OF THE COURT
Chief Judge Cooke.
This appeal presents the issue of the ensuing liability of a bank to a person whose name is removed without her permission from a joint savings account at the behest of the other person named on the account.
Although section 675 of the Banking Law immunizes banks with regard to some transactions involving joint savings accounts, it does not do so here. Plaintiff is entitled to recover only one half of the amount in the account, however, and the order of the Appellate Division should be modified accordingly.
Plaintiff and her son, William J. Brown, opened three joint savings accounts in 1966, 1968 and 1972 at The Bowery Savings Bank in New York City. This appeal concerns the last created of these, a “time deposit” account — one that paid a higher rate of interest than regular savings accounts if the money was not withdrawn for a certain period and imposed an interest penalty for early withdrawal. The account was payable to either plaintiff or Brown, or the survivor, and both persons were listed on the bank’s signature cards. On March 29, 1974, Brown alone filed new signature cards, eliminating plaintiff and substituting the name of Ruth McCullough. Although plaintiff’s consent was not obtained, the bank effectuated the change of title to the account. Brown died on June 25,1974, *414 and Mrs. McCullough withdrew all funds from the account on. August 29, 1974.
Trial Term found that after Brown’s death but before Mrs. McCullough’s withdrawal, plaintiff, through her grandson, asked the bank about any accounts held in Brown’s name individually or jointly with plaintiff and was not told about the time deposit account from which her name had been removed. The court held that this inquiry placed the bank on notice of a possible adverse claim to that of Mrs. McCullough and made the bank’s subsequent payment to Mrs. McCullough negligent as a matter of law. It rejected the bank’s claim of immunity from liability under section 675 of the Banking Law and granted partial summary judgment to plaintiff for the entire amount of the time deposit account. The Appellate Division affirmed, two Justices dissenting. Although the courts correctly rejected the claim of immunity under section 675, plaintiff is entitled to only one half of the sum in the account.
The creation of this joint account by plaintiff and Brown established, under section 675, a rebuttable presumption that the funds were to be held as a joint tenancy with the right of survivorship (see Matter of Kleinberg v Heller, 38 NY2d 836; Lo Gerfo v Lo Gerfo, 31 AD2d 655, 656, affd 24 NY2d 940). The bank did not attempt to refute this presumption in its answer and no evidence was presented at trial to rebut this presumption. The opening of the account, therefore, must be deemed to have created a joint tenancy between plaintiff and Brown. When Brown removed plaintiff’s name, however, he destroyed the joint tenancy between himself and plaintiff as to the whole of the account. From that moment forward, each possessed a sole interest in one half of the account, and neither any longer had a right of survivorship or any interest in the other’s portion (Kleinberg, supra). Thus plaintiff’s claim to the entire sum in the account must fail, regardless of the inquiry to the bank by her grandson. Nonetheless, by removing plaintiff’s name from the account, Brown in effect converted that half of the account’s funds that belonged to plaintiff. The question that remains is whether the bank’s participation in this transaction makes it liable to plaintiff.
*415 The bank maintains that subdivision (a) of section 675 protects it from liability to plaintiff. This position requires too broad a reading of the statute. The bank is correct that subdivision (a) of section 675 would insulate it from liability if Brown had withdrawn all of the money in the time deposit account and placed it in a new account under his and Mrs. McCullough’s names. Indeed, this is precisely what Brown did with one of the other savings accounts. For some reason, very possibly to avoid losing interest on the time deposit, he did not do so here. Instead, he left the account intact but substituted the name of Mrs. McCullough for that of plaintiff. The bank argues that this is only a technical difference and that the effect of Brown’s action was the same as if he had withdrawn the full amount and placed it in a new account. In some contexts, this might well be persuasive. But the statute involved here confers immunity from liability, and it therefore must be strictly construed (see Zaldin v Concord Hotel, 48 NY2d 107). Here the transaction did not fit within the frame of the statute.
Subdivision (a) of section 675 provides that if the entire contents of such an account are “paid or delivered to either [tenant] during the lifetime of both or to the survivor after the death of one of them * * * such payment or delivery and the receipt or acquitance of the one to whom such payment or delivery is made, shall be a valid and sufficient release and discharge to the banking organization”. Here, however, there was neither “payment” nor “delivery”. Although the end result was the same in the sense that plaintiff was deprived of her share of half of the funds in the account, this was accomplished through a different method — removing her name from the account rather than withdrawing the money from the account.. Because the Legislature chose to insulate savings banks from liability when one joint tenant wrongfully deprives another of an interest by one route, it does not follow that courts should stretch the statute to confer immunity when the tenant uses another avenue. This is especially true when the methods differ in important respects. Immunity from liability where one joint tenant withdraws more than his *416 or her moiety from an account without the other tenant’s permission relieves the bank of the burdensome responsibility of monitoring each withdrawal from a joint account to ensure that one joint tenant is not misappropriating another’s funds. Obtaining the acquiescence of a joint tenant before removing his or her name from an account, however, poses a much lesser burden. Extending the statute to absolve savings banks from liability for failing to obtain such acquiesence is therefore an action more appropriately left to the Legislature.
In the absence of any statutory immunity, traditional principles of common law establish a bank’s liability for the wrongful disposal of a depositor’s funds (International Aircraft Trading Co. v Manufacturers Trust Co., 297 NY 285). The bank, through its participation in the substitution of plaintiff’s name, helped deprive plaintiff of her half of the time deposit account. Accordingly, partial summary judgment in plaintiff’s favor was proper. Because plaintiff’s interest extended to only half of the money in the account, however, she is entitled to recover only that amount.
Order modified, with costs to appellant, in accordance with this opinion and, as so modified, affirmed.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order modified, etc.