■ Harry G. Gotte, III, as Executor of Barbara Gotte, Deceased, Appellant, v Long Island Trust Company, Defendant and Third-Party Plaintiff-Respondent. Mary Wolski, Also Known as Mary Wolsky, Third-Party Defendant-Respondent, et al., Third-Party Defendant.—In an action to recover the plaintiff's alleged one-half interest in certain bank accounts, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Lockman, J.), dated October 22, 1984, which, inter alia, awarded summary judgment in favor of the defendant Long Island Trust Company, and (2) so much of an order of the same court dated July 1, 1985, as, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated October 22, 1984 is dismissed, as that order was superseded by the order dated July 1, 1985, made upon renewal; and it is further,

Ordered that the order dated July 1, 1985 is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff alleges in his complaint that between February and June 1977 his decedent, Barbara Gotte, was a "joint

tennant *[sic]* with rights of survivorship" with respect to certain accounts maintained at the defendant bank. The other joint tenant with respect to those accounts was the third-party defendant Mary Wolski, also known as Mary Wolsky (hereinafter Mary Wolsky). The record on appeal includes testimony of the plaintiff's decedent, Barbara Gotte, which establishes conclusively that none of the money in the subject accounts originally belonged to her, but that the money originally belonged to Mary Wolsky, Barbara Gotte's mother.

It also appears from Ms. Gotte's testimony that in March 1977 Mary Wolsky requested that the subject funds be placed in a joint account. The executor of Ms. Gotte's estate now claims that in June 1977, the defendant bank, without the consent of either of the joint tenants, permitted the name of Ms. Gotte to be removed from the subject joint bank accounts, and replaced with the name of Philip Wolsky, Mary Wolsky's husband. The plaintiff's theory is that such unauthorized removal of his decedent's name from the joint accounts served immediately to destroy the joint tenancy, and thus entitles his decedent to a judgment representing her one-half interest in those accounts, as of the date that her name was removed, namely, the sum of $36,634.27. We therefore infer that the total amount in the accounts as of the date of the unauthorized change in title was $73,268.54.

The evidence in the record on appeal establishes that the alleged interloper, Philip Wolsky, died on October 6, 1978. Whatever balance was contained in the subject joint accounts at the time of Mr. Wolsky's death evidently passed directly to Mary Wolsky in accordance with her right of survivorship; the joint account assets were not included in the calculation of his net estate. Both Mary Wolsky and Barbara Gotte filed objections to the probate of Mr. Wolsky's will. On or about November 21, 1980, Barbara Gotte executed a release, in which she consented to the entry of a decree settling the account of the proceeding of the executrix of the estate of Philip Wolsky, without further notice, and in which she discharged the executrix of Mr. Wolsky's estate "from every claim and demand whatsoever". This release was given as part of a negotiated settlement of Barbara Gotte's and Mary Wolsky's claims against the estate of Philip Wolsky, the terms of which were read into the record of the Surrogate's Court on February 28, 1980.

This action for a judgment against the defendant Long Island Trust Company, was subsequently commenced by Barbara Gotte. Her complaint is dated April 21, 1981. The defen-

dant commenced a third-party action against Mary Wolsky and Leonora Wolsky, individually and as executrix of the estate of Philip Wolsky. On December 1, 1982, Barbara Gotte died, and by order dated November 7, 1983, the executor of her estate was substituted as the proper party plaintiff.

By notice of motion returnable December 20, 1983, the third-party defendant, Leonora Wolsky, as executrix of the estate of Philip Wolsky, made a motion for summary judgment. A cross motion, *inter alia,* for similar relief was made by the defendant and third-party plaintiff bank. These motions were supported by the guardian ad litem for Mary Wolsky. The Supreme Court granted summary judgment in favor of the defendant, and, upon granting a subsequent motion to renew, adhered to its previous determination. These appeals followed.

Although we sustain the order granting summary judgment in favor of the defendant, we do so for reasons which are different than those stated by the court of original instance. The Supreme Court in this case granted summary judgment against the plaintiff based upon the principle of estoppel and also upon the release which was given by Barbara Gotte discharging the estate of Philip Wolsky. We need not rely on these grounds, however, since we find that the evidence contained in the record on appeal conclusively establishes that the plaintiff simply has no cause of action.

To begin with, it is clear that the allegations of the complaint are insufficient to establish a right to any monetary relief. We may assume, arguendo, (1) that Mary Wolsky and Barbara Gotte were joint tenants in certain bank accounts containing $73,268.54, and (2) that without Mary Wolsky's or Barbara Gotte's consent, the name of Barbara Gotte was removed from the accounts, and that of Philip Wolsky was substituted. Based upon these allegations, the most that Barbara Gotte would be entitled to as a matter of law could be a judgment declaring that she is the true joint tenant, and directing that her name be restored. It is obvious that no money judgment against the bank would be warranted unless and until it was proved that the alleged unauthorized third party (Philip Wolsky) actually removed money from the accounts. If such a removal of funds were proven, then each joint tenant (Ms. Gotte as well as Mary Wolsky) would then have the right to recover a judgment for her one-half interest in the moneys taken *(see, Brown v Bowery Sav. Bank,* 51 NY2d 411, *rearg denied* 52 NY2d 1072).* The plaintiff's com-

plaint contains no allegation that funds were actually removed by Mr. Wolsky.

There is a more fundamental flaw in the legal theory upon which plaintiff seeks to recover a money judgment against the defendant. Even if it were proved that Philip Wolsky misappropriated *all* of the $73,268.54 which was contained in the joint account, Mary Wolsky, as the surviving joint tenant, would have the exclusive right to recover a money judgment against the bank for the full amount of the loss. When money is held in a joint bank account, each joint tenant has the right, during the lifetime of both tenants, to alienate his own one-half interest and each tenant also has the inchoate right of survivorship with respect to the other tenant's share *(see, Matter of Kleinberg v Heller,* 38 NY2d 836, 841 [Fuchsberg, J., concurring]; *Matter of Bricker v Krimer,* 13 NY2d 22, 27; *Matter of Suter,* 258 NY 104). Thus, since Mary Wolsky has survived Barbara Gotte, she now has an undivided interest in all the money contained in the accounts. She would therefore have the right to sue the estate of Philip Wolsky for any amounts which he might have wrongfully withdrawn, or the defendant bank for having negligently permitted such withdrawals. The estate of Barbara Gotte has no interest in the joint account since the interest of a joint tenant is not descendible and cannot be devised by will *(see, Matter of Tilley,* 166 App Div 240, *affd* 215 NY 702; 26A CJS, Descent & Distribution, § 8; 1 Rasch, Real Property § 616).

There is no reason, in law or in logic, to deprive Mary Wolsky of her right of survivorship with respect to all of the funds in question, including whatever funds may have been wrongfully removed from the joint accounts by Philip Wolsky. All of this money was hers. By allowing the deposit of this money into joint accounts, Mary Wolsky is presumed to have made a present gift of a moiety to the other joint tenant, but the presumption is rebuttable *(see,* Banking Law § 675; *see also, Matter of Friedman,* 104 AD2d 366, *affd* 64 NY2d 743; *Matter of Camarda,* 63 AD2d 837). The nondepositor joint tenant who withdraws funds during the lifetime of the depositor-tenant will be liable to the depositor-tenant, or his estate, for all the amounts withdrawn if the presumption of a gift is rebutted *(see, e.g., McGill v Booth,* 94 AD2d 928). If the presumption is not overcome, the fund-withdrawing tenant will be liable to the depositor-tenant only for amounts withdrawn in excess of his or her one-half interest in the account *(see, e.g., Matter of Kleinberg v Heller, supra; Warren v Warren,* 95 AD2d 807). In the latter case, where one joint tenant

removes more than his or her one-half interest from the joint account during the lifetimes of the joint tenants, his or her right of survivorship as to the depositor-tenant's half share is no longer absolute, so that if the depositor-tenant subsequently dies, his or her estate will be permitted to recover from the withdrawing tenant the amount withdrawn in excess of that tenant's half share (see, Matter of Kleinberg v Heller, supra; Commrade v Commrade, 29 AD2d 871; cf., Matter of Filfiley, 63 Misc 2d 824, affd 43 AD2d 981 [holding that nondepository tenant who takes all money on deposit in joint account is entitled to retain all such money where depositor-tenant dies, by virtue of right of survivorship], overruled by Matter of Kleinberg v Heller, supra). In the case now under review, Mary Wolsky, the depositor-tenant, did nothing which should result in a forfeiture of her right to survivorship.

For the reasons discussed above, if any party to this action has been aggrieved by the alleged negligence or breach of contract of the defendant bank in permitting Philip Wolsky to remove an unspecified amount from the subject joint bank accounts, it is Mary Wolsky, not the plaintiff executor of the estate of Barbara Gotte. The plaintiff executor, in fact, has no interest whatsoever in the subject bank accounts, which, by virtue of the death of Barbara Gotte, are now the sole and exclusive property of Mary Wolsky. The plaintiff therefore has no right to make a claim with respect to funds allegedly removed from those accounts by Mr. Wolsky. To allow the plaintiff executor to recover a judgment against the defendant bank representing sums allegedly taken by Mr. Wolsky would result either in (1) an impairment of Mary Wolsky's ability to make a similar claim or (2) the defendant bank's having to pay twice (once to Mary Wolsky and once to the estate of Barbara Gotte) for the exact same loss. As outlined above, the law does not countenance such an obvious injustice.

It bears emphasis that there is no proof anywhere in this record that either Mary Wolsky or Barbara Gotte intended to sever their joint tenancy. There is no evidence that Barbara Gotte, for example, attempted to withdraw any of the money in the account, or ever contemplated making such a withdrawal. She, of course, had the right to withdraw up to the full amount of her moiety and, by so doing, destroy the joint tenancy to that extent (see, Matter of Kleinberg v Heller, 38 NY2d 836, 841, supra [Fuchsberg, J., concurring]; Matter of Bricker v Krimer, 13 NY2d 22, 27, supra; Matter of Suter, 258 NY 104, supra). We do not suggest that had the bank acted wrongfully so as to prevent Ms. Gotte from exercising that

right, the cause of action which she would have had would have abated upon her death. We only hold that any cause of action she may have had, during her life, to recover her interest in one half of any amount removed from the account due to the negligence of the bank, would, like her interest in the account itself, terminate upon her death. Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.