■ VIRGINIA DICK, Respondent, v HUDSON CITY SAVINGS INSTITUTION, Appellant, et al., Defendants.—Mahoney, P. J. Appeal (1) from that part of an order of the Supreme Court (Cobb, J.), entered January 6, 1989 in Columbia County, which denied defendant Hudson City Savings Institution's motion for summary judgment dismissing the complaint against it, and (2) from the judgment entered thereon.

In March 1981, plaintiff opened an account with defendant

Hudson City Savings Institution (hereinafter the bank) in her own name and in the names of her two sons, Alan and Ronald Dick. In July 1981, plaintiff withdrew $10,000 from this account and purchased a certificate of deposit in her name and that of her sons. In January 1983, plaintiff transferred the funds in the certificate of deposit account to a money-market account, the ownership of which is subject to some dispute in this action.

In March 1985, the bank was served with an information subpoena by the attorney for defendants James J. Keenan, Warren G. Abele and David Simmons (hereinafter defendants judgment creditors), who had obtained a judgment against, among others, plaintiff's son Alan Dick. In response, the bank listed the disputed money-market account with a balance of $12,247.57. Thereafter, the bank received a property execution from defendant Columbia County Sheriff directing it to turn over the funds in the disputed money-market account to the Sheriff. The bank made the transfer on April 18, 1985. On May 13, 1985, the Sheriff forwarded a check to the attorney for defendants judgment creditors. The bank never provided plaintiff with any notice with respect to the information subpoena or property execution, nor did the bank refuse to turn over the funds to the Sheriff on the ground of plaintiff's claimed substantial interest in the account.

Plaintiff commenced this action to recover the funds taken from the disputed money-market account alleging that such funds were wrongfully transferred to the Sheriff and, hence, to defendants judgment creditors. The bank moved for summary judgment dismissing the complaint against it on the ground that it was immune from liability pursuant to Banking Law § 675. Supreme Court denied the motion and this appeal by the bank ensued. We affirm.

Although the parties dispute whether Alan Dick, plaintiff's son and the judgment debtor, is a joint tenant in the subject money-market account, this issue is irrelevant. If, as plaintiff contends, all deposits to the account were her funds and her son did not possess any beneficial interest in the account, the transfer of the money to the Sheriff would have been impermissible as a matter of law and legally supportive of Supreme Court's denial of the bank's motion for summary judgment. If, on the other hand, a joint tenancy existed, our discussion below is dispositive.

Turning, then, to the legal issue of whether the bank is immune from liability if the subject account was joint, we

note that Banking Law § 675 (a) provides that if the contents of a joint account are "paid or delivered to either [tenant] during the lifetime of both or to the survivor after the death of one of them * * * such payment or delivery and the receipt or acquittance of the one to whom such payment or delivery is made, shall be a valid and sufficient release and discharge to the banking organization". In other words, if a bank pays or delivers to one joint tenant more than his or her share of the account, the bank is immune from liability with respect to the other joint tenant. As stated by the Court of Appeals in *Brown v Bowery Sav. Bank* (51 NY2d 411, 415), the Legislature's intent is to "insulate savings banks from liability when one joint tenant wrongfully deprives another of an interest" in the joint account. The underlying objective of the statute is to relieve banks of the burden of determining whether a withdrawal from a joint account is a misappropriation of a joint tenant's funds and the statute, in granting immunity, must be strictly interpreted *(supra,* at 415-416). Thus, the statute should not be construed to confer immunity when the bank itself deprives a joint tenant of part or all of his or her moiety *(supra,* at 416). Here, as in *Brown v Bowery Sav. Bank (supra),* there was neither "payment" nor "delivery" to a joint tenant. Therefore, if the account was joint, the bank failed to acquire any statutory immunity because it performed acts outside the terms of the statute by relinquishing funds to a nonjoint tenant and its summary judgment motion was, therefore, properly denied.

Order and judgment affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.