■ WILFREDO LOPEZ, Appellant, v RICHARD A. FENN, Respondent, et al., Defendants. [937 NYS2d 1]—

Plaintiff claims that he is the long-time domestic partner of the decedent, Rev. Charles E. Whipple. Plaintiff alleges that in March 2007, defendant Fenn removed plaintiff's name from a Merrill Lynch bank account that plaintiff held in joint tenancy with Whipple. It is undisputed that the account was restored to a joint tenancy with plaintiff in August 2008. Plaintiff further alleges that a second conversion occurred on October 16, 2008, when Fenn "caused $725,000 to be wired out of the . . . account," which at that time had a balance of $1,399,413. Plaintiff's complaint alleges that the funds were transferred to an account that Fenn held jointly with Whipple.

Plaintiff brought this action claiming, inter alia, that Fenn's conversions of the Merrill Lynch account deprived plaintiff of his 50% interest (moiety) and survivorship rights. Fenn moved to dismiss pursuant to CPLR 3211 (a) (1), (4), (5) and (7) and submitted documentary evidence showing that the funds were wired to the law firm of Morrison Cohen in order to settle a lawsuit against Whipple.

The documentary evidence includes a letter dated October 1, 2008 from Whipple to the law firm of Morrison Cohen LLP indicating that he intended to wire $670,749.05 to the escrow account and directing Morrison Cohen to retain $70,749.05 in satisfaction of a September 11, 2008 invoice and release $600,000 to another law firm. The second document is a copy of Morrison Cohen's IOLA statement for Whipple's account indicating that on October 16, 2008 it received a wire transfer of $725,000, the same amount that plaintiff alleges went to a Fenn/Whipple joint account. The documents do not indicate whether it was Whipple or Fenn who executed the wire transfer.

In its decision and order of July 15, 2010, the motion court dismissed all but plaintiff's fifth cause of action for conversion of a Chase account, separate from the two conversion claims at issue in this appeal. The court found that to the extent that plaintiff claims that funds were improperly withdrawn in excess of Whipple's 50% share as a joint tenant, those claims may be asserted against Whipple's estate in the pending Surrogate's

Court proceeding. The court also found that plaintiff's claim of conversion of the Merrill Lynch account is "flatly contradicted by documentary evidence."

Plaintiff appeals on the grounds that the documentary evidence does not "utterly refute" his claims of a 2007 conversion or that it was Fenn who executed the 2008 wire transfer. Fenn argues that it is irrelevant who executed the wire transfer because the documentation demonstrates that he did not exercise any dominion or control over the funds. For the reasons set forth below, we find that no conversion occurred in 2007 and that the documentary evidence "utterly refutes" plaintiff's 2008 conversion claim.

Plaintiff's claim that the mere removal of his name from the account constitutes a conversion is without merit. The removal of a joint tenant's name destroys the joint tenancy as to the whole of the account and the right of survivorship, leaving each tenant with a sole interest in one half of the account (*Brown v Bowery Sav. Bank*, 51 NY2d 411 [1980]). A joint tenant whose name has been removed and substituted without authorization is entitled to a judgment declaring that he or she is the true joint tenant, and directing that his or her name be restored (*Gotte v Long Is. Trust Co.*, 133 AD2d 212, 214-215 [1987]). A cause of action for recovery of funds does not accrue unless the funds are actually removed by the unauthorized third party (*id*).

Here, plaintiff's name was removed from the account in March 2007 and restored in August 2008. However, plaintiff does not allege that Fenn or anyone else removed funds from the account during that time. Plaintiff's failure to allege that Fenn exercised any dominion or control over the funds in question defeats his conversion claim (*see e.g. Industrial Bank of Latvia v Baltic Fin. Corp.*, 1994 WL 286162, *4, 1994 US Dist LEXIS 8580, *12 [SD NY 1994]; *Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678, 680 [2005] [conversion claim should have been dismissed where "complaint fails to allege facts establishing that (defendant) had title, possession, or control over any money or property allegedly converted"]).

*Brown v Bowery Sav. Bank* (51 NY2d 411 [1980], *supra*), relied upon by plaintiff, does not mandate a different result. In *Brown*, the joint tenant removed the plaintiff's name from the account, and substituted a new joint tenant (51 NY2d at 413). Upon the death of the joint tenant, the new joint tenant withdrew all of the funds (*id*. at 414). The removal of plaintiff's name was a conversion because "the end result was . . . that plaintiff was deprived of her share of half of the funds in the ac-

count" (*id.* at 415). The *Brown* Court did not hold that the mere removal of the plaintiff's name from a bank account makes out a claim for conversion, and *Brown* has not been cited by any court for that proposition.

As to the alleged 2008 conversion, a joint tenant may terminate a joint tenancy and the right of survivorship without the other joint tenant's knowledge or permission by withdrawing his moiety from the account (*Gotte*, 133 AD2d at 215, citing *Matter of Kleinberg v Heller*, 38 NY2d 836, 841 [1976, Fuchsberg, J., concurring]). When a joint tenant withdraws more than his moiety, the other joint tenant has a cause of action for recovery of the excess (*id.*). Thus, when $725,000, more than half of the account balance, was withdrawn from the joint account on October 16, 2008, plaintiff's joint tenancy in the account was severed, his survivorship interest was extinguished, and plaintiff had a right to recover the excess over the moiety that was withdrawn.

Typically, a joint tenant brings an action to recover excess over the moiety against the other joint tenant (*see e.g. Matter of Mullen v Linnane*, 218 AD2d 50, 55 [1996]). Here, however, plaintiff seeks to hold Fenn "personally" liable for Fenn's "tortious conduct . . . in converting the plaintiff's property."

Conversion is an "unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights" (*Peters Griffin Woodward, Inc. v WCSC, Inc.*, 88 AD2d 883, 883 [1982]). Defendant must engage in "[s]ome affirmative act—asportation . . . , denial of access to the rightful owner or assertion to the owner of a claim on the goods, sale or other commercial exploitation of the goods" (*State of New York v Seventh Regiment Fund*, 98 NY2d 249, 260 [2002]).

Morrison Cohen's IOLA statement for Whipple's account indicates that Morrison Cohen received the funds via wire transfer and disbursed them according to Whipple's instructions in his letter to Morrison Cohen. Pursuant to CPLR 3211 (a) (1), a motion to dismiss on the basis of a defense founded on documentary evidence may be granted "where the documentary evidence utterly refutes [the complaint's] factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

Here, the documents "utterly refute" that the funds were transferred to a joint account held by Fenn and Whipple, and that Fenn at any time exercised the "right of ownership," possession, or control over the funds. Morrison Cohen's IOLA statement for Whipple's account shows that $725,000 was received

via wire transfer on October 16, 2008 and credited to Whipple's account, giving him a balance of $725,000. $600,000 was wired out of the account the same day to the law firm of Smith Elliott Smith & Garney, P.A., leaving a balance of $125,000. Also on that same day, a check was issued in the amount of $70,749.05 to Morrison Cohen. These two amounts, disbursed as per Whipple's instructions in his letter 15 days prior, together with the balance of $54,250.95, total $725,000. The $54,250.95 balance was still in the account on January 13, 2010.

Plaintiff's attempt to overcome the documentary evidence with vague references to "joint wrongdoing" in his briefs, is unavailing. Plaintiff does not allege that Fenn is liable as an agent for Whipple's wrongdoing. There is no conversion claim against Whipple (*see e.g. Old Republic Natl. Tit. Ins. Co.*, 14 AD3d at 680). Plaintiff specifically argues that it was Fenn and not Whipple who converted the funds.

Supreme Court properly dismissed plaintiff's causes of action for intentional infliction of emotional distress. The conduct alleged, primarily that Fenn interfered with plaintiff's sepulcher and occupancy rights, is not sufficiently outrageous to state a claim (*see Simon v 160 W. End Ave. Corp.*, 7 AD3d 318, 320 [2004]; *Matter of Plaza v Estate of Wisser*, 211 AD2d 111, 120 [1995]; *see generally Melfi v Mount Sinai Hosp.*, 64 AD3d 26 [2009]). The prima facie tort claim was also properly dismissed, given that plaintiff did not specify damages, but listed only general categories (*see Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143 [1985]).

Plaintiff's claim for interference with the right of sepulcher is barred by res judicata. Plaintiff litigated these same claims against Fenn in Surrogate's Court and did not prevail (*Ginezra Assoc. LLC v Ifantopoulos*, 70 AD3d 427, 429 [2010]).

Supreme Court properly granted the motion to quash. The 2005 power of attorney did not revoke the 2003 power. The 2003 power could only be cancelled expressly, and was a narrow power relating only to bank accounts at Chase. By contrast, the 2005 power was one for all of decedent's affairs, and only took effect once decedent was certified incompetent, which never occurred (*see Zaubler v Picone*, 100 AD2d 620, 621 [1984]).

Plaintiff does not raise any arguments with respect to his motion to renew and reargue. In any event, the motion, to the extent appealable, was properly denied. We have considered plaintiff's remaining arguments and find them unpersuasive. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 31918(U).]**