■ BARBARA FORTGANG et al., Appellants, v JEFFREY KATZ, Respondent, et al., Defendants. [21 NYS3d 614]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered September 11, 2014, which denied plaintiffs' motion for summary judgment directing the division of certain assets, unanimously modified, on the law, to grant that part of the motion directing defendants Putnam Investor Services Inc. and Computershare Shareowner Services LLC to divide all accounts of Reva Katz, now deceased, into two equal shares, with one share titled solely in the name of plaintiff Barbara Fortgang, and the other titled solely in the name of defendant Jeffrey Katz, and otherwise affirmed, without costs.

In order for an account to be established to be a joint account, "survivorship language" must appear on the signature card of the account (*Matter of Klecar*, 207 AD2d 732, 732 [1st

Dept 1994]). Here, the only proof in the record as to the account held at defendant American Funds Service Company is a letter from American Funds stating that the account is registered as "Reva Katz & Jeffrey Katz & Barbara Fortgang 'Ten Com," which is insufficient to demonstrate whether it is a joint tenancy, as Jeffrey Katz contends (which would entitle him to a one-half interest), or a tenancy in common, as Barbara Fortgang contends (which would entitle her to a two-third interest) (*see Sumitomo Mitsui Banking Corp. v Credit Suisse,* 89 AD3d 561, 563 [1st Dept 2011]).

There is no dispute that the accounts held at Computershare and Putnam are joint tenancies in which Jeffrey Katz and Barbara Fortgang hold equal interests. Since "a joint tenant is entitled to an immediate one-half interest in the joint property" (*Matter of Covert,* 97 NY2d 68, 75 [2001]; *see Lopez v Fenn,* 90 AD3d 569, 572 [1st Dept 2011], *lv dismissed* 19 NY3d 1022 [2012]), the order is modified to the extent indicated. Concur—Friedman, J.P., Acosta, Andrias and Richter, JJ.