Rivers v Bradford (2024 NY Slip Op 51368(U))

[*1]

Rivers v Bradford

2024 NY Slip Op 51368(U)

Decided on October 3, 2024

Supreme Court, Warren County

Muller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 3, 2024
Supreme Court, Warren County

Brittany L. Rivers, Plaintiff,

against
Susan E. Bradford, M.D., SARAH E. BRENNAN, PA-C, 
 ANTHONY H. DONALDSON, M.D., GLENS FALLS HOSPITAL, PAUL G. SCALIA, M.D. and BAYWOOD SURGICAL ASSOCIATES, P.C., Defendants.

Index No. EF2021-68657

DeGraff, Foy & Kunz, LLP, Albany (George J. Szary and Dennis Ellis, of counsel) for plaintiff.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Karen A. Butler, of counsel) for defendant Susan E. Bradford, M.D.
McPhillips, Fitzgerald & Cullum, LLP, Glens Falls (Eric Schwenker and James Cullum, of counsel) for defendants Sarah E. Brennan, PA-C, Anthony H. Donaldson, M.D., Glens Falls Hospital, Paul G. Scalia, M.D. and Baywood Surgical Associates, P.C.

Robert J. Muller, J.

On July 7, 2020, plaintiff was admitted to the defendant Glens Falls Hospital for the purpose of undergoing a hysterectomy. Moving defendant—Susan E. Bradford, M.D. (hereinafter Bradford)—along with defendant Sarah E. Brennan PA-C, (hereinafter Brennan) proceeded with a robotic-assisted total laparoscopic hysterectomy with left salpingectomy cystoscopy, and lysis of adhesions at the Glens Falls Hospital. During the procedure plaintiff allegedly suffered a near-complete transection of her ileum, and two perforations of her sigmoid colon, all of which went undiagnosed and untreated due to the claimed malpractice of the defendants. On July 8, 2020, plaintiff was discharged to her home. 
Plaintiff returned to the defendant Glens Falls Hospital on July 10, 2020, with complaints of severe abdominal pain, vomiting, and renal failure, and was then diagnosed with a bowel perforation causing peritonitis. On the same day, additional surgery was performed to repair these conditions and address fecal matter found in her peritoneum.
The core of the complaint with respect to Bradford is that on July 7, 2020, she negligently and improperly failed to recognize the near-complete transection of the ileum as well as two perforations of the sigmoid colon, each the cause of the plaintiff's worsening abdominal [*2]pain and vomiting, and the development of peritonitis. The allegations with respect to the remaining defendants pertain to their involvement within the orbit of the surgery and its sequelae.
This action was commenced on January 25, 2021, issue was joined, and extensive paper discovery and depositions have been completed. The Note of Issue was filed on January 17, 2024 and this matter is presently scheduled for trial commencing on March 31, 2025.
Defendant Bradford moves the Court for leave to serve an amended answer pursuant to CPLR § 3025(b) and assert immunity pursuant to the provisions of the Emergency or Disaster Treatment Protection Act ("EDTPA"), former Public Health Law ("PHL") §§3080-3082. Plaintiff opposes the motion and cross moves for an order granting her leave to amend the complaint to assert gross negligence and permit additional post-Note of Issue discovery to overcome moving defendant's claims of immunity. The Court is only considering at this time the motion to amend the answer.
On March 7, 2020, at the start of the COVID-19 global pandemic, then-Governor Andrew Cuomo signed a series of executive orders declaring a disaster emergency in New York State. (see 9 NYCRR 8.202). Executive Order 202.10, issued March 23, 2020, temporarily modified or suspended, through April 22, 2020 Education Law §§ 6527(2), 6545, and 6909(1) "to the extent necessary to provide that all physicians, physician assistants, specialist assistants, nurse practitioners, licensed registered professional nurses and licensed practical nurses shall be immune from civil liability for any injury or death alleged to have been sustained directly as a result of an act or omission by such medical professional in the course of providing medical services in support of the State's response to the COVID-19 outbreak, unless it is established that such injury or death was caused by the gross negligence of such medical professional" (Executive Order [A. Cuomo] No. 202.10 [9 NYCRR 8.202.10]).
On April 3, 2020, the legislature enacted the EDTPA, effective from March 7, 2020, "to promote public health, safety and welfare of all citizens by broadly protecting the health care facilities and health care professionals in this State from liability that may result from treatment of individuals with COVID-19 under conditions resulting from circumstances associated with the public health emergency." (see L 2020, ch 56, § 1.part GGG, former PHL Article 30-D at §§ 3080-3082).
It is undisputed that Bradford is a health care professional—authorized to provide health care services within the meaning of the statute and that she did so in good faith. It is also undisputed that the alleged period of care occurred in July of 2020; squarely within the time contemplated by former PHL §3082 during the COVID-19 emergency declaration period and falls within the definition of health care services pursuant to former PHL § 3081(5)(c).
The former version of PHL § 3082 in effect from March 7, 2020, until April 6, 2021 provided that:
1. Notwithstanding any law to the contrary... any health care facility or health care professional shall have immunity from any liability, civil or criminal, for any harm or damages alleged to have been sustained as a result of an act or omission in the course of arranging for or providing health care services, if:
(a) the health care facility or health care professional is arranging for or providing health care services pursuant to a Covid-19 emergency rule or otherwise in accordance with applicable law;
(b) the act or omission occurs in the course of arranging for or providing health care [*3]services and the treatment of the individual is impacted by the health care facility's or health care professional's decisions or activities in response to or as a result of the Covid-19 outbreak and in support of the State's directives (emphasis added); and
(c) the health care facility or health care professional is arranging for or providing health care services in good faith.
(emphasis added former PHL §3082[1]).
All three sections of former PHL §3082(1) must be met to secure immunity from liability and no immunity attaches if the harm was caused by acts or omissions resulting from willful or intentional criminal misconduct, gross negligence, reckless misconduct, or the intentional infliction of harm, except that "acts, omissions or decisions resulting from a resource or staffing shortage shall not be considered to be willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm." (see former PHL § 3082(2); see also Holder v. Jacob, 216 NYS3d 134 [1st Dept 2024]; Figueroa v Nayak, 2024 NY Slip Op 30871[U], [Sup Ct, NY County 2024]; Est. of Alechko by Dingee v. Sprain Brook Manor Rehab, LLC, 81 Misc 3d 1242(A), 203 N.Y.S.3d 865 [NY Sup. Ct. 2024])
On August 3, 2020, four (4) months after it was enacted, the legislature amended EDTPA to provide certain limitations to aspects of the granted immunity. More specifically, the amended terms were intended to limit the immunity only to claims involving "the assessment or care of an individual as it relates to COVID-19, when such individual has a confirmed or suspected case of COVID-19." (L 2020, ch 134, §§ 1-2; former PHL § 3081[5]) This comprehensive immunity in all matters was repealed by the legislature on April 6, 2021. (repealed by L 2021, ch 96, § 1, effective April 6, 2021). This repeal is not considered retroactive, and the former statute still applies to incidents that occurred while EDTPA was in force (see Hasan v Terrace Acquisitions II, LLC, 224 AD3d 475, 476 [1st Dept 2024]; Ruth v Elderwood at Amherst, 209 AD3d 1281 [4th Dept 2022]; see also Whitehead v Pine Haven Operating LLC, 222 AD3d 104 [3d Dept 2023]). The EDTPA remains the controlling law for this analysis as the present causes of action accrued before the repeal date. (see Ruth, 209 AD3d 1281)
For immunity to be provided under the former PHL § 3082, it needs to be established that the conduct occurred in the course of arranging for or providing health care services and that such treatment was impacted by the health care facilities' and, or, professional's decisions or activities in response to or as a result of the COVID-19 outbreak. The former statute required that treatment be "impacted" by decisions or activities in response to or as a result of the COVID-19 outbreak (see former PHL§ 3082[1][b]).
"[T]he statute does not qualify how treatment must be affected—whether positively, negatively, or otherwise—it merely requires that treatment be 'impacted.' (see Matos v Chiong, 2021 NY Slip Op 32047[U][Sup Ct, Bronx County 2021]) and "[n]o appellate court has [yet] resolved the parties' true dispute, which is as to what, specifically, the target or object of the impact must be for the immunity statute to apply." (Holder v. Jacob, 216 NYS3d 134, 140 [1st Dept 2024])
"It is clear from the express language of [former PHL] § 3082 that it is not merely a hospital's or health provider's care to persons affected by the coronavirus pandemic, in the abstract, that entitles it to the immunity sought here, but that the care rendered to the person making the claim is affected, in some way, by the hospital's or provider's response to the pandemic" (see Matos v Chiong, 2021 NY Slip Op 32047[U][Sup Ct, Bronx County 2021]).
It is evident that COVID-19 is wholly unrelated to the allegations in the complaint and verified bills of particulars, in this case, which relate specifically to the surgery performed by defendant during the robotic surgery (i.e., the near-complete transection of the ileum as well as two perforations of the sigmoid colon). Plaintiff's theory of liability is based on defendant's alleged malpractice during and shortly after the robotic surgery.
 DISCUSSION
Bradford seeks leave to amend her answer to assert an eighth affirmative defense that she is immune from liability for the acts, omissions, and injuries alleged in the complaint, pursuant to Executive Orders (A. Cuomo) 202 et seq. (9 NYCRR §8.202 et seq.), and, or, the EDTPA (former PHL Article 30-D). 
Bradford relies on the affidavit of her counsel which describes that plaintiff's surgery was originally scheduled for March 2020 when all elective surgical procedures were cancelled due to the COVID-19 pandemic. There is no question this decision was "in response to or as a result of the COVID-19 outbreak and in support of the state's directives. . . ."(former PHL § 3082[1][b]). There is also no question that the plaintiff's health care treatment—in March—was "impacted" by this decision. (id.) The Court agrees that Bradford has demonstrated that that care was directly "impacted" by decisions or activities in response to the COVID-19 pandemic and in support of the State's directives, satisfying the remaining requirement under the EDTPA on the date her surgery had been previously cancelled - March of 2020. To grant the proposed amendment when the complaint concerns only a July 7, 2020 surgery is a bridge too far for this Court to cross.Plaintiff makes no claim as to the delayed timing of her surgery—only to the manner in which it was performed. 
In contrast, the "act or omission" alleged in the complaint "occur[ed] in the course of arranging for or providing health care services and the treatment of the [plaintiff]" (former PHL § 3082[1]) in July when, apparently, elective procedures such as this one were again permitted.
Upon review of her medical records there is no reference to COVID-19—other than pre-surgery testing—which results were repeatedly negative. The operative report describes in detail a robotic assisted total laparoscopic hysterectomy with a left salpingectomy, cystoscopy, and lysis of adhesions but makes no reference to COVID-19 or any pandemic caused plans or procedures in any way related to the surgery performed.
There is no account in any of the moving papers relating to the manner in which the movant arranged for or provided health care services pursuant to any specific COVID-19 orders or rules. The documents submitted with defendant's motion to amend include no pandemic-related policies, no agency health directives, and with nearly 800 pages of medical records, there is nothing to indicate that defendant was providing health care services to the plaintiff under any COVID-19 emergency orders or emergency rules.
Regardless of which day the surgery was performed, the treatment plan would have been the same as Bradford intended from the outset: a total laparoscopic hysterectomy. There is no reference to or indication in plaintiff's chart how COVID-19 or any pandemic created procedures or protocols in any way impacted the surgery and how it was performed. Nothing in this record establishes that this robotic surgery was impacted by any of the defendant's decisions or activities in response to or as a result of the COVID-19 outbreak such that she is entitled to statutory immunity. The Court can find no evidence that the July 7, 2020 surgery was impacted by the pandemic or defendant's response to the pandemic in support of State directives.
"It is clear from the express language of [former PHL] § 3082 that it is not merely a [*4]hospital's or health provider's care to persons affected by the coronavirus pandemic, in the abstract, that entitles it to the immunity sought here, but that the care rendered to the person making the claim is affected, in some way, by the hospital's or provider's response to the pandemic" (Matos v Chiong, 2021 NY Slip Op 32047[U][Sup Ct, Bronx County 2021]). Here, the abstract and general allegations made by defendant as contained in the proposed amended verified answer is legally insufficient.
Movant never directly addresses how the July 7, 2020 care provided to plaintiff was in any way impacted by the pandemic or the moving defendant's response thereto. Bradford makes no attempt to demonstrate any linkage between any identified COVID-19 measures and the treatment of the plaintiff as required per former PHL § 3082(1)(b) for section 3082 immunity to attach. (see Crampton v, Garnet Health, 73 Misc 3d 543, 155 N.Y.S.3d 699, [Sup Ct, Orange County 2021]). There is a complete failure to identify what services were arranged for or provided - or withheld - pursuant to a COVID-19 emergency.Here, the alleged departures are not shown to be the result of a direct impact from any defendants' response to the pandemic.
In order to avail itself of "[former PHL] §3082 immunity from liability defendant need only demonstrate that the treatment of the individual was impacted by the health care facility's decisions or activities in response to or a result of the Covid-19 outbreak and in support of the State's directives. (former PHL § 3082[1][a], [b]). The statute does not qualify how treatment must be affected, whether positively, negatively, or otherwise, it merely requires that treatment be impacted."(Crampton v Garnet Health, 73 Misc 3d 543, 545, 155 N.Y.S.3d 699 [Sup Ct, Orange County 2021]) 
Where defendants seek the protection of a statute conferring immunity, they "must conform strictly with its conditions" (Zaldin v Concord Hotel, 48 NY2d 107, 113 [1979]), and the statute itself must be strictly construed. (see Brown v Bowery Sav. Bank, 51 NY2d 411, 415 [1980]; accord Dick v Hudson City Sav. Inst., 155 AD2d 807, 809 [3d Dept 1989]). With this in mind the Court finds defendant's sole reliance on a point in time in lieu of demonstrating any impactful COVID-19 policy or procedure overriding the plaintiff's July 7, 2020 healthcare is hardly strict conformity with the immunity statute's conditions.
In seeking permission to amend the movant readily admits she need not plead immunity under the statute as an affirmative defense, relying on Crampton v. Garnet Health, 73 Misc 3d 543, 155 N.Y.S.3d 699 (Sup Ct, Orange County 2021) which observed that "[i]f the statute is applicable, its sole effect is to establish the substantive law defining the extent of the duty owed to plaintiff." (see also Ferris v. City of New Rochelle, 68 NY2d 446). While the Court agrees that permission to amend is unnecessary, suffice it to say that the proposed amendment is still palpably improper as it is devoid of any merit. (see Mandell v Rahaman, 2023 NY Slip Op 34003[U] [Sup Ct, NY County 2023]) It is the law of this case that there is simply no entitlement to immunity under former PHL §§3080-3082.
Having thus considered NYSCEF document numbers 50 through 52, 56 through 60, and 62 through 86, and oral argument having been heard on September 25, 2024 with George J. Szary, Esq. appearing on behalf of plaintiff and Karen A. Butler, Esq. appearing on behalf of defendant Susan E. Bradford, M.D. it is hereby
ORDERED that defendant Bradford's motion to amend her answer is denied, and it is further
ORDERED that any relief not specifically addressed herein on the motion to amend the answer has nonetheless been considered and is expressly denied, and it is further
ORDERED that the parties shall appear for a conference via Microsoft Teams on October 22, 2024 at 11:00 a.m.
The above constitutes the Decision and Order of this Court
The original of this Decision and Order has been filed by the Court. Counsel for plaintiff is directed to serve all defendants with notice of entry. 
Dated: October 3, 2024
Lake George, New York
ROBERT J. MULLER, J.S.C
ENTER: