Thomas v Concourse Rehabilitation & Nursing Ctr., Inc. (2025 NY Slip Op 06923)

Thomas v Concourse Rehabilitation & Nursing Ctr., Inc.

2025 NY Slip Op 06923

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Moulton, J.P., Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Index No. 814415/22|Appeal No. 5121|Case No. 2024-04731|

[*1]Lisa Thomas, as Administratrix of the Estate of Francis Spigner, Deceased, Plaintiff-Appellant,
v
Concourse Rehabilitation and Nursing Center, Inc., Defendant-Respondent.

Horn Appellate Group, Brooklyn (Scott T. Horn of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (Lisa Feischmann of counsel), for respondent.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered July 23, 2024, which granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Although plaintiff's arguments are improperly raised for the first time on appeal, they are legal arguments which appear on the face of the record and which could not have been avoided if brought to the adverse party's attention, and thus, this Court may consider them(see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]).
Plaintiff, as Administratrix of the estate of the decedent, alleges that on April 9, 2020, decedent was infected with Covid-19 and developed distress and hypoxia, which resulted in her death almost a year later. Plaintiff alleges that defendant's nursing home facility was negligent and grossly negligent in failing to maintain a system for preventing, identifying, investigating, and controlling infections and communicable diseases and in adequately caring for and protecting its elderly and vulnerable residents, which lead to the death of decedent on March 31, 2021, from Covid-19.
Defendant moved to dismiss the complaint pursuant to, inter alia, CPLR 3211(a)(7), on the ground that it is entitled to immunity under the Emergency or Disaster Treatment Protection Act (EDTPA). The EDTPA affords immunity to healthcare facilities and providers "from liability that may result from the treatment of individuals with Covid-19" during the pandemic (Public Health Law § 3082[1]). The statute, in conferring immunity from liability, must be "strictly construed" and requires a fact-intensive inquiry (Brown v Bowery Sav. Bank, 51 NY2d 411, 415 [1980]; Holder v Jacob, 231 AD3d 78, 88 [1st Dept 2024]).
As an initial matter, the motion court correctly held that the repeal of the EDTPA in April 2021 did not apply retroactively (see Hasan v Terrace Acquisitions II, LLC, 224 AD3d 475, 476 [1st Dept 2024]). Thus, defendant was permitted to seek immunity under the statute. Defendant demonstrated that it provided "health care services" within the meaning of the statute (see former Public Health Law § 3081[5]; Public Health Law § 3081[5], as amended by L. 2020, ch 134 [eff Aug. 3, 2020, to Apr. 5, 2021]). It is undisputed that decedent was diagnosed and treated for Covid-19 while residing at defendant's nursing home facility.
However, defendant "failed to conclusively establish that all of plaintiff's treatment was impacted by its decisions or activities in response to or as a result of the COVID-19 outbreak" (Jackson v BronxCare Health Sys., 236 AD3d 594, 595 [1st Dept 2025] [internal quotation marks omitted]). In support of its motion, defendant submitted decedent's certified medical records, its Covid-19 Policy, and an affidavit of Jean Claude Laborde, defendant's Director of Nursing during the pandemic and the nurse practitioner who cared for decedent during that time. Laborde attested that defendant's facility cared for decedent beginning in 2011, diagnosed and treated decedent for Covid-19 in April 2020, deemed decedent asymptomatic in May 2020, and continued to care for decedent for her myriad complex medical issues, such as chronic heart failure, end-stage renal disease, and peripheral vascular disease, until around the time of death in March 2021. Laborde also opined that decedent's decline at the end of her life in March 2021 was not causally related to her Covid-19 infection 11 months earlier.
Although it is undisputed that defendant treated decedent for Covid-19 infection over a short period of time, defendant failed to show that the pandemic affected its treatment of decedent's numerous complex medical conditions after she became asymptomatic in May 2020 until her death in March 2021. Accordingly, defendant did not conclusively establish entitlement to immunity under the EDTPA (see Jackson, 236 AD3d at 595; Holder v Jacob, 231 AD3d at 88 ["Where, as here, the CPLR 3211[a][7] motion is predicated on what is asserted to be a complete defense, and that motion is supported by evidence, the evidence of the defense must be conclusive"]).
While many of defendant's arguments were premised on conflicting allegations in plaintiff's complaint, dismissal based on the EDTPA is not warranted at this time. Namely, plaintiff's complaint alleged decedent died from Covid-19 in April 2020 but also alleged defendant's failure to adequately care for decedent led to her death from Covid-19 infection on March 31, 2021. These factual discrepancies at best call into question whether the EDTPA is applicable to this case where both parties allege decedent died on March 31, 2021, well after decedent was asymptomatic for Covid-19.
Notably, at the time the motion was made, plaintiff did not have the benefit of discovery and defendant did not provide decedent's complete medical records. Plaintiff was only provided access to excerpts of decedent's medical records covering a limited timeframe. Consequently, plaintiff was placed in a position of having to accept defendant's word on potentially dispositive issues (see Jackson, 236 AD3d at 596). Given that the applicability of the immunity defense requires a fact-intensive inquiry, it was premature for the court to resolve this issue at this juncture (see Holder, 231 AD3d at 88).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025